## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**v.**                                    **Case No. 4:19-cr-00684-01 KGB**

**WILLIAM IRBY, III**                                                        **DEFENDANT**

### ORDER

Before the Court is defendant William Irby, III's *pro se* motion which this Court considers a motion for compassionate release (Dkt. No. 44).  The government responded in opposition (Dkt. No. 47).  For the following reasons, the Court denies Mr. Irby's motion (Dkt. No. 44).

### I.    Background

On or about November 18, 2020, Mr. Irby pled guilty to one count of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Dkt. Nos. 30–32).  The Court sentenced Mr. Irby in November 2021 to 51 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. Nos. 39–41).  Mr. Irby did not appeal his sentence.

In the pending motion, Mr. Irby states that he should be granted compassionate release and released to home confinement because his mother passed away, leaving past due balances on her mobile home, land, utilities, and other expenses due (Dkt. No. 44).  Mr. Irby states that, although he was working, he was not making enough to cover his expenses and turned to selling drugs which he admits he should not have done and which he admits hurt his children and their mothers (*Id.*).  He correctly states that he self-surrendered when required to do so to serve his sentence (*Id.*).  The government argues that compassionate release is not warranted in this case (Dkt. No. 47).

## II.      Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>> (i) extraordinary and compelling reasons warrant such a reduction; or

>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).  With these statutory provisions in mind, the Court turns to examine the

arguments advanced by Mr. Irby.

A.   **Relief Under The CARES Act**

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).  Mr. Irby seeks compassionate release.  As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c).  *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).  The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. § 3624(c)(2).  Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.  To the extent Mr. Irby seeks relief from this Court under the CARES Act, the Court denies his motion.

B.   **Compassionate Release**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.  *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples.  The Court acknowledges that this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n.1.  The examples are:  (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered

partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Irby does not state that he suffers from a qualifying medical condition.  He is not at least 65 years old, nor does he state that he is experiencing deteriorating physical or mental health because of the aging process.  Further, Mr. Irby had not served at least 75 percent of his sentence at the time he filed his motion.  The Court is sympathetic with Mr. Irby's family circumstance and for the loss of his mother.  However, Mr. Irby does not represent that, at the time of her death, his mother was the caregiver for any of his minor children.  Having carefully considered the arguments made by Mr. Irby, the Court concludes that Mr. Irby fails to demonstrate extraordinary and compelling reasons so as to warrant compassionate release.

Even if Mr. Irby could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered.  Mr. Irby filed his motion only a few months after this Court sentenced him, and the government observes that, at the time he file his motion, he was still awaiting designation to a BOP facility.  The government also observes that altering Mr. Irby's sentence now would not promote respect for the law, reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, or protect the public from further crimes.

The Court commends Mr. Irby for his dedication to his family, his work ethic, and his desire to aid in supporting his children.  However, based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time.  *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).

**III.      Conclusion**

Based on the findings of fact and conclusions of law above, the Court denies Mr. Irby's motion (Dkt. No. 44).

It is so ordered this 11th day of July, 2022.

Kristine G Baker
United States District Judge